IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUBREY SAVAGE,

               Petitioner,

vs.                                                 No. 2:17-cv-1018-MV-JHR

R.C SMITH, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

               Respondents.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Aubrey Savage's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), which he filed *pro se* on October 6, 2017. [Doc. 1]. On November 28, 2017 the Court, *sua sponte*, ordered Respondents R.C. Smith and the Attorney General for the State of New Mexico to answer the Petition. [Doc. 3]. On December 15, 2017 United States District Judge Martha Vazquez referred the case to United States Magistrate Judge Jerry H. Ritter pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3). [Doc. 7]. Respondents complied with the Court's Order, filing their Answer on March 5, 2018. [Doc. 11]. Petitioner filed his Reply on April 6, 2018. [Doc. 13]. Having carefully considered the parties' submissions and the relevant law, the undersigned recommends that Petitioner's claim for relief be DISMISSED with prejudice.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Petitioner is currently serving a term of life imprisonment plus eighteen months after he pled guilty to possession of a firearm by a felon and a jury found him guilty of first-degree willful and deliberate murder. [Doc. 11-1, pp. 1-3]. On January 25, 2010, Petitioner appealed to the New Mexico Supreme Court, which affirmed his convictions. [Doc. 11-1, pp. 7-9, 121-140]. Petitioner sought post-conviction relief by filing a petition for a writ of habeas corpus in state court on November 18, 2011. [Doc. 11-2, pp. 1-21]. After an evidentiary hearing, the petition was denied. [Doc. 11-2, pp. 50-52]. Petitioner's subsequent petition for a writ of certiorari was denied by the New Mexico Supreme Court on July 22, 2015. [Doc. 11-2, p. 66].

Petitioner filed his first 28 U.S.C. § 2254 petition in this Court on December 7, 2015. *See generally*, Petition for Writ of Habeas Corpus, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 1. The Court found that the petition was mixed, "containing both exhausted and unexhausted claims." Proposed Findings and Recommended Disposition, p. 1, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 20; Order Adopting Report and Recommendations, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 22. The Court gave Petitioner the option to either dismiss only the unexhausted claims, leaving the remaining claims for review or have the mixed petition dismissed in its entirety without prejudice. *See* Proposed Findings and Recommended Disposition, pp. 9-10, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 20.

Petitioner moved to withdraw or stay the petition in its entirety while he pursued a writ of habeas corpus in state court relative to his unexhausted claims. *See* Motion to Withdraw or Stay

---

[1] This section contains the factual and procedural background germane to the analysis and disposition recommended herein. Additional factual and procedural history is set forth in the Court's Proposed Findings and Recommended Disposition relative to Petitioner's first federal petition for writ of habeas corpus. *See* Proposed Findings and Recommended Disposition, pp. 1-4, *Savage v. Smith*, No. 15-cv-1102-MCA-GBW (D.N.M. Dec. 7, 2015), ECF No. 20.

the Habeas Petition, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 21. Petitioner expressly stated that he did not wish to have the Court address the merits of his exhausted claims. *See id.* In granting Petitioner's motion to dismiss[2] the Court stated:

> Petitioner is hereby advised that, for the purposes of the one-year limitations period within which any §2254 petition must be filed, the time during which his federal habeas petition was pending in this Court was not tolled. *See York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003). Petitioner should keep that fact in mind should he seek to re-file in federal court.

*See* Order Adopting Proposed Findings and Recommended Disposition and Granting Motion to Dismiss, p. 3, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 22.

Petitioner filed his second petition for writ of habeas corpus in state court on August 10, 2016.[3] [Doc. 11-2, pp. 67-78]. The petition was summarily denied on November 17, 2016 and Petitioner's subsequent petition for writ of certiorari to the New Mexico Supreme Court was denied on August 15, 2017. [Doc. 11-2, pp. 67-78, 116]. Petitioner filed the petition for writ of habeas corpus presently before the Court on October 6, 2017. [Doc. 1]. Respondents filed their Answer on March 5, 2018 arguing that the instant petition includes claims that have not yet been exhausted and that the petition in its entirety is time-barred. [Doc. 11, pp. 8-14].

## II. LEGAL STANDARDS

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

---

[2] The Court denied Petitioner's request for a stay. *See* Order Adopting Proposed Findings and Recommended Disposition and Granting Motion to Dismiss, pp. 2-3, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 22.

[3] Although Petitioner's state petition for writ of habeas corpus was filed in the district court on August 22, 2016, it was mailed on August 10, 2016. [Doc. 11-2, pp. 69, 78]. Under the circumstances of the instant case, the petition is deemed filed as of the date of mailing. *See* Rule 5-802(F) NMRA (stating that a petition for a writ of habeas corpus filed in state court by an unrepresented, confined petitioner "is deemed to be filed with the clerk of the court on the day the petition is deposited in the institution's internal mail system for forwarding to the court[.]").

3

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year limitations period is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *see also*

*Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). A § 2254 petition filed after the one-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The one-year limitations period may be subject to equitable tolling. Equitable tolling is applicable where an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitations period, and inability to obtain legal assistance do not excuse the failure to timely file a § 2254 petition. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

### III. ANALYSIS

#### A. Petitioner's Claims Are Time-Barred

##### 1. The Instant Habeas Petition was Not Timely Filed

In the instant case, the New Mexico Supreme Court entered its Order denying the petition for writ of certiorari relative to the first state habeas corpus petition on July 22, 2017. [Doc. 11-2, p. 66]. Accordingly. Petitioner's conviction was final no later than August 6, 2015[4] and the one-year limitations period set forth in Section 2244 began to run on August 7, 2015. Because the limitations period was not tolled during the pendency of Petitioner's first federal habeas corpus

---

[4] *See* 28 U.S.C. § 2244(a) (recognizing that a conviction is final "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); Rule 12-404(A) NMRA (providing that a motion for rehearing may be filed within fifteen days after filing of an appellate court decision); *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004) (holding that a petitioner's state habeas corpus petition was pending so that limitations period applicable to his federal habeas corpus petition under Section 2244(a) was tolled, during the period of 15 days following the New Mexico Supreme Court's denial of his petition for writ of certiorari challenging trial court's denial of his habeas petition during which the petitioner could have moved for rehearing, even though petitioner did not seek such rehearing).

5

petition, it expired on August 8, 2016.[5] *See* Order Adopting Proposed Findings and Recommended Disposition and Granting Motion to Dismiss, p. 3, *Savage*, No. 15-cv-1102-MCA-GBW, ECF No. 22. Petitioner did not file the instant habeas petition until October 6, 2017. [Doc. 1]. Excluding the period that Petitioner's second state habeas petition was pending, from August 10, 2016 through August 30, 2017, the instant petition was 37 days late.

In their Answer, Respondents arrived at August 11, 2015 as the finality date of Petitioner's conviction. This may stem from confusion regarding the date the Order denying the petition for writ of certiorari relative to Petitioner's second state habeas petition was filed.[6] However, even using the latter finality date for Petitioner's conviction, excluding the time his second state habeas petition was pending, the instant habeas petition filed on October 6, 2017 was still 32 days late.

### 2. Petitioner has Not Demonstrated That He is Entitled to Equitable Tolling of the Limitations Period

Petitioner states that he has been diligently pursuing his claims, and that was not aware that his federal claims could be time barred if he chose to dismiss and refile them in his attempt to exhaust his state court remedies. [Doc. 13, p. 5]. The Court recognizes that equitable tolling may applicable where an inmate diligently pursues his claims. *See Marsh,* 223 F.3d at 1220; *Burger,* 317 F.3d at 1141. However, to be entitled to equitable tolling, Petitioner must also demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control. *See id*. Even if Petitioner did not fully appreciate the risk associated with dismissing all the claims in his first federal habeas petition, despite the express statement concerning the applicable limitations

---

[5] August 7, 2016, one year after the limitations period began to run, was a Sunday. Accordingly, the limitations period expired the following Monday, August 8, 2016.

[6] While the Order was entered by the New Mexico Supreme Court on July 22, 2015, it also bears a file stamp by the clerk of the Fifth Judicial District Court dated July 27, 2015. [Doc. 11-2, p. 66]. The latter date appears to be the date from which Respondents have calculated the finality of Petitioner's conviction.

6

period in this Court's Order of dismissal, any ignorance of the law, ignorance of the limitations period, or inability to obtain legal assistance does not excuse the failure to timely file a § 2254 petition. *See Miller,* 141 F.3d at 977-78; *Sanders,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned proposes to find that the Petition, exhibits, and record conclusively establish that Petitioner's claims are time-barred. Consequently, the undersigned recommends that the Court DISMISS Petitioner's claims with prejudice.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**